The next case, number 221307, Darwin-Oscar Quinones-Pimentel v. Nicholas Warren-Cannon et al., Attorney Kessler-Lang Good morning, Your Honor. As to my 15 minutes, I respectfully request that I be allowed five minutes for rebuttal. You can have three. Thank you, Your Honor.  In this case, Your Honor, it is alleged that the federal law does not provide for damages committed by federal officials under the Constitution because when 21313 was enacted, the word redress was not utilized, and yet in 1983 that word was used. And I submit to the court that the red word redress really has no important meaning. If we examine the Seventh Amendment, states in suits that come along where the value in controversy shall exceed $20, the right to trial by jury will be preserved. Section 1331 says in all civil actions where the matter of controversy exceeds the sum or value of $3,000 and arises under the Constitution of the United States, Congress is provided trial by jury. This is also reiterated in Rule 38 of civil procedure. And Rule 3 also makes reference to all cases, suits arising under the Constitution. Now, the important word, both in the Seventh Amendment and in Section 1331, is the word controversy. I don't know if you want to continue on this, but there is the Bivens case law that whether your construction of these texts is right or not, we have to apply and it does limit the circumstances in which a damages action can be brought when there's no statutory cause of action. We'll submit that there is. That's the importance of this case. I understand. One argument that there is, which would suggest that all those Bivens cases limiting the remedy were mistaken. Well, the problem with all of the cases under Bivens is that it is assumed that there's no... Yes, Your Honor, of course. So I think it would be helpful to hear what that argument is. Yes, Your Honor, of course. In Bivens, Your Honor, the court recognized that a violation, a federal official that violates a constant Fourth Amendment is liable for damages. This court has repeatedly upheld that principle in Aponte Matos, which is a case that... Mr. Castro, that's true, but the landscape has changed in recent Supreme Court decisions. And the Supreme Court has now said that Bivens should not be extended and has directed us to apply a two part test. We must we must ask whether your case presents a context different than Bivens. And if it does, we then must ask whether there are special factors that counsel hesitation in extending the Bivens right. So it would be helpful if you could address those two questions. Yes, Your Honor. Well, this case, we submit, does not present a new context. And it's clearly distinguishable from Abbasi where the court began stating that Bivens need to be interpreted restrictively. But Abbasi, Abbasi involved national security issue. No, Mr. Castro, this case is distinguishable from Abbasi. But the question is, does it present a context different than Bivens? Well, if I may, Your Honor, did Bivens involve involve a warrant or a decision by federal prosecutors to seek a warrant and investigate? Well, I don't think it involved either of those or a business premises. Yes, Your Honor. Obviously, the facts of each case can vary, but merely because the facts of a case can vary where there's a fourth amendment violation. Well, I guess the question is, and Abbasi certainly stands to the proposition that the fact that it's a fourth amendment violation itself does not mean that there's no difference in context. And so the question is, is it the kind of fourth amendment violation that arises in a new context? And the question is, why should we conclude no if the context in which it's arising is unlike in Bivens, one in which there is a warrant and one in which the search was of business premises? Well, let me just state that Abbasi supports our position because if you read Abbasi, the warden was held liable for a fourth amendment violation. They dismissed the case against the president, Rumfeld, and some other person because the issue was a national security issue that clearly took it out of the scope of Bivens. But the warden was held liable. And that case involved a fourth amendment violation committed by inmates, by officers that were intruding in the body of inmates. And the warden was aware of it and allowed it to continue. So if we delve into Abbasi, Abbasi actually supports our position because this case does not involve matters of national security. I believe that's clear. It does not involve matters of extraterritorial application of U.S. law. This case is similarly to Bivens in the sense, number one, it was a fourth amendment violation. Number two, these are low-level federal employees, FBI agents, who were accompanied by the competitors of plaintiff's network for the purpose of finding out the secret of how NIACOM was able to render its service to providers. So, your honor, you have low-level employees, and I don't think that merely because Abbasi dealt with McCarty. Are you limiting your argument to the low-level employees today? Excuse me? Are you limiting your liability argument to the low-level employees today? On the what? Low-level employees. Well, that's part of the argument. It's part of the argument. These FBI agents were low-level agents. But your other defendants don't fit into that category in the case, right? The prosecutor doesn't. The Dish Network's defendants can be held liable because they acted in concert with the FBI. And, in fact, if you read the complaint, the FBI lent itself to abuse the power of the Warren to facilitate Dish Network to enter into NIACOM and steal their copyright secrets. And how is that similar to the context in Bivens? It seems to me that's quite distinct from the context in Bivens. Well, your honor, like I say, Abbasi was different than Bivens. There are numerous cases that have applied Bivens to facts that are different than Bivens. I think that it's really fine-cutting to say that Bivens now only extends to cases where there was no warrant and where their agents physically abused or handcuffed the person. Well, maybe it doesn't. It's just the question is when the case does involve a warrant and is of business premises, why wouldn't we be required to at least get to the second step and ask, are there then factors that counsel hesitation in light of that, one of which here would be that there seems to be an alternative remedial scheme in terms of the return of the property? Well, those are multiple questions. The alternative remedies do not exist. The Federal Tort Claims Act does not protect for constitutional violations made by federal officials. I said the return of the property provision. Well, your honor, if we look at the harm caused here. It's very different than the harm that was alleged in Bivens. Yes, and are you going to say that if it's not exactly the same harm? I'm asking you to explain why it's not a new context. You seem to say everything is the same context unless it's national security. Is that your view? Well, let's put it this way. In Abbasi, the warden was held liable for a Fourth Amendment violation, and it did not contain allegations of this was abusing inmates that were incarcerated. So that's totally different, and yet in Abbasi, they held the warden liable. Let me just state that the emphasis to distinguish a corporation from an individual is really incorrect. Because if you look at 1 U.S. Code 1 defines persons, persons, and persons are corporations. And if the word person under the statute clearly states that corporations are persons, then there is no reason to say because this person was a corporation and Bivens was an individual, that justifies not applying Bivens when congressional statutes include a corporation as a person. And so the issue of the warrant requirement. Your Honor, again, I don't know if you're going to set aside your precedence, but under your precedence, clearly a prosecutor who submits a false statement to obtain a warrant is liable. Thank you. Thank you, Counsel. At this time, Attorney Aguilar can introduce himself on the record to begin. May it please the Court, Daniel Aguilar for the Federal Defendants. The District Court, in its thorough and well-reasoned opinion, and applied existing Supreme Court precedent to explain why this presented a new context for Bivens, and then walk through the many special factors that would counsel hesitation before inferring a new cause of action directly under the Constitution, and identify that there may be policy concerns here, but that those were best suited for Congress's determination rather than the Court's. And that decision is underscored by the Supreme Court's recent pronouncement in Egbert for their clarifying the Bivens framework and saying even for low-level, their Border Patrol agents, whose it's a claim of excessive force in a warrantless situation, there we will not infer a cause of action under Bivens. And we think based on both the District Court's decision and the Supreme Court's decision in Egbert that this Court should and can affirm. I'm happy to answer any questions that you have. Do you want to just address the argument about Abbasi that was made by your opponent? So I think in Abbasi, it's talking about the national security context there, and then it says for the wardens and others, this may be something a bit more similar to Carlson that you have in the prison context of alleged abuse of force. And it says, you know, Carlson might be close enough, so we're going to remand this for further proceedings. But here, I mean, this is a present situation where you have a lawfully issued warrant, right? That goes to counts two and three of a claim of, well, you had a warrant, but you exceeded it. And then on count one, the claim is, well, you omitted material evidence or you made misleading factual statements that were material to obtaining the warrant. Here's one thing I don't understand. I'm sorry. I can understand perhaps why a warrant makes it a new context. But I'm having a little trouble why if the allegation were that it met the Frank's test, in which there was, particularly if it was an intentional misrepresentation on the warrant, what the basis for saying that there's a factor of counseling hesitation if there's not a factor of counseling hesitation in Carlson? In other words, it seems like a pretty sweeping proposition that all Frank's violations are precluded and that we should be deciding that today. We're not asking for a big sweeping general holding. We're just saying that they just report. So what are the factors? And say it's a new context. What are the factors that, in your view, is it the multiplicity of all of them? I think it's the multiplicity of all of them. But I think particularly on the claim that this was a misleading warrant application, and I can have a Bivens claim for that. The Fourth and Eighth Circuit's decisions directly address that scenario. The Fourth Circuit's decision is on Aparetti, and the Eighth Circuit's decisions are in Farrar and Ahmed. And both there, the courts recognize that's a new context. Yeah. And there are special factors that they go to on this. Initially, one, it's intrusive into the executive branch's function. It's pretty intrusive in Carlson. And so if you're going to rely on Carlson for that, one, it's not about a misleading warrant application. I know it, but I'm saying it's pretty intrusive in Carlson. I just don't understand what it is inherently about every single case of a Frank's violation is automatically outside Bivens because it would be too intrusive. It's not that it's outside Bivens. You still would need to go through this analysis. But you're saying it's always a factor counseling hesitation such that you wouldn't go forward, right? What I think it is is what the Supreme Court explained in Egbert, right, is it's explaining Bivens, Davis, and Carlson stand for what they stand for. But at the end of Egbert. Could you just be – I'm having trouble hearing the counsel things. Okay, go ahead. At the end of Egbert, it says, well, you shouldn't read them to stand for the proposition that there are no concerns there.  And says Davis is of less persuasive value than our more recent cases because it doesn't really engage with the special factors analysis as we've laid it out for here now. And so that's why I think the Fourth and Eighth Circuit's decisions are instructive because they are engaging in that special factor analysis that the Supreme Court's done. But then in addition, even if you think, well, maybe it's not that intrusive into the executive branch, you do have the alternative remedial schemes here that Your Honor identified, right? Rule 41G allows for the return of property, and that's what happened here. Plaintiffs availed themselves of that and had their property returned. And in addition to that, you have the statutory authorization for the attorney general. And just so I get the nature of the non-property-based damage claim that's being made, the nature of the harm, there's a version of it which is business reputation, correct? Yes, it may be, Your Honor. I think that might be part of their claim that went to their business reputation. Yeah. Well, I'm just trying to figure out what are the other dimensions of it because it may be some relevance, what those are relative to what the nature of the harm claimed in Bivens was that might bear on whether there's a special factor counseling hesitation. Sure. So I think the system-wide factor here, right, is what Egbert says, right? If you think you're going to have to apply this system-wide because we don't limit the recognitions of a Bivens cause of action to a particular set of facts, we're recognizing it more generally. Its broad application itself, if we don't know exactly how that's going to work out, counsels hesitation and is itself a special factor for why you ought not to extend Bivens. So just playing this out, the court in a Franks hearing can suppress evidence, right? I'm focused not on the Franks point. I'm trying to figure out what the nature of the damages that are being sought here is. What is the harm? Their harm allegedly is that their premises were searched in violation of the Constitution. I'm not sure if I'm answering your earnest question. I mean, it's that constitutional claim which is why they say we can get into violations. That's the violation. And then what is the harm that flowed to them from that according to them? I mean, I defer to them on this. I think I understand. That doesn't say in their complaint? Their complaint says that it was a violation of our rights. And I think as counsel said here today, corporations are people, and therefore it's an infringement of our Fourth Amendment rights. I mean, their claim, their government of their harm, right, is the constitutional violation. And so I think we're fairly in agreement that this is a new context. And so then the only question is, is there any reason why Congress rather than the court might be better suited to weigh the costs and benefits of creating a damages cause of action here? And I think there certainly are. In applying for a warrant, you might think, well, what information do I have to include? What information may I omit in doing this? And you may be aware of the costs and benefits of that if the evidence ultimately gets suppressed, which is clearly a use of the judicial power that you can have under Franks. But then in addition to that, I think what plaintiffs are asking for is, right, and if you make a mistake in doing that or you act intentionally or whatever the standard is for asserting damages here, then you will be personally liable. And that's in addition to the calculation. That's an argument that you can never get a Bivens damages for a Franks claim, which maybe that's your point. But I was just wondering whether you were making an argument that we don't have to decide the case on that ground because there are other factors here that make it different from the ordinary Franks case. I am making that argument, Your Honor. The additional special factors of the alternative remedial schemes appear in Rule 41G, the Attorney General Settlement Authority, and the Federal Tort Claims Act, allowing recovery for damage or abuse of process claims, malicious prosecution and the like, caused by law enforcement officers. That's in 20 U.S.C. 2680H. And it's what the Fifth Circuit in Conto v. Moody recognized as a special factor. Is it of significance that it's a business premise and that the nature of the damages claimed relate to their business being a business? Certainly, Your Honor. I mean, obviously you can see Congress, why it might want to draw a line between allowing an individual damages action based on harm to individuals rather than an invasion of a corporate premises. Like, that's a fairly reasonable line that one could draw and why the legislature is better suited for it. Anything further? Thank you. Thank you. Thank you, counsel. At this time, would Attorney Shearer please introduce herself on the record for her four minutes? May I please the court? Kronsky Shearer for the Dish-Nagostar Defendant Appellees. Go ahead. Your Honors, we submit that the district court correctly determined that declined to infer a damages remedy under Bivens for the alleged Fourth Amendment violations stemming from the search of corporate offices with a warrant and the seizure of business records in a federal piracy investigation. As Your Honors know, Bivens, unlike Section 1983, is a limited judicially created remedy. For nearly 40 years, the Supreme Court has refused to expand Bivens to encompass any new context or category of defendants. Plaintiffs here cast this case as a conspiracy involving the federal defendants and the Dish-Nagostar defendants acting in concert to falsify a warrant, to falsify an affidavit in support of a warrant to search their corporate offices in order to steal their trade secrets. Relying on the framework established by recent Bivens decisions, that framework dictates that this court affirm the lower court's decision and reject plaintiffs' position. Counsel, is the suit against your clients solely as co-conspirators and privies to the federal defendants? There's been no attempt to sue your clients as private parties? Do I understand that correctly? Well, Your Honor, there is currently a suit pending in the United States District Court. Okay, a separate suit? Yes, sir. Okay. For RICO violations. Okay. In addition to other federal statutory violations. But it's not in this suit. I couldn't find it in this suit. I couldn't find private party claims against your clients. But that explains to me why. Okay. So should we consider that separate suit grounds for finding that there's an alternative remedy? Yes, Your Honor. We submit that the court should consider that as a separate alternative remedy that's available to the plaintiffs in addition to the remedy that plaintiffs have already availed themselves of in Rule 41G. In addition, we submit that plaintiffs have the option to commence a suit under state law, state tort suit. Mnuchin v. Poland basically stated that, you know, as far as for private defendants, state law, state tort law provides the remedy for plaintiffs to recover in this instance. We submit that plaintiffs have available alternative remedies.  As this court previously discussed, this case arises in a new context. And there are multiple special factors that exist that counsel hesitation in this case. We submit that plaintiffs' claims bear only superficial similarity to Bivens and that this case should, the lower court's decision should be affirmed and that this court should determine that Bivens does not provide an implied damages remedy for plaintiffs' claims. Do you have any questions? Thank you. Thank you. Thank you, Your Honors. Thank you, counsel. At this time, would counsel for the appellant please reintroduce himself on the record to begin? Yes, Your Honor. Tony Raffael, Counseling and Rebuttal. Your Honor, it is also important for the court not to forget that counts two and three were not dependent on the warrant. Count two alleged that they conducted an illegal search exceeding the scope of the warrant. Count three alleges that after they had executed the search warrant, they returned and searched again knowing by then that there was no probable cause. Those two causes of action are independent of count one. They do not rely on count one because they assert different violations that the court failed to address. So there are issues here that go beyond just the search warrant. And also, Your Honor, Abbasi stressed by adding new defendants, it did not reference to new plaintiffs, and that's a distinction between this case and Abbasi. Abbasi referred to defendants, and as I've already stated, corporations are included as persons. And so, Your Honor, the alternate remedies, quite frankly, I think it's a facetious argument. Rule 41 does not provide for damages. This is a case where they stole patents. They wanted to figure out how NIACOM was able to operate through the Internet. That was the purpose, an illegal purpose, criminal acts. Rule 41 does not provide for damages. And the damages in this case are multi-million damages, and it seems to me facetious. Counsel, if you were successful in the civil suit in the Commonwealth Court, why would that not be an adequate remedy? Well, I don't think you can sue in Commonwealth Court federal officials for violating federal constitutional laws. You can sue the dish defendants. And you've sued the dish defendants, correct? Your Honor, again, I don't think the state courts, the states don't want to detain violations of state actors of United States constitutional laws. I agree with that. The question is, if you've sued the private defendants, why is that not an adequate damage remedy? Because I can't sue the federal defendants. But if you can get the same amount of money... Your Honor, it's a different case when I leave out the federal defendants. And this is not an individual party. Your Honor, these are parties that acted as federal officials, and there is substantial case law that establishes that you, if you acted in concert with the federal officials, you can be treated as a federal official. I'm just trying to understand the damages that you're trying to seek against the federal officials. What's the theory of damages as to them? Well, the federal defendants... I know they did the violation, but are you saying they took the patent and we're going to make millions off the patent? We don't know, because they never returned what they downloaded. Dish has kept what they downloaded. Dish has, but not the federal officials. If you see the Rule 41, the federal defendants allowed free range to Dish to go inside and download Niacom's facilities. This is not a legitimate search, Your Honor. In fact, the government knew, the FBI knew, before they went to get the search warrant, because the search warrant affidavit states that in 2018 they went to Niacom and were shown all the certificates. Thank you, counsel. That concludes argument in this case.